NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUGO ERIC CARDENAS, AKA Jose Angel Garcia,<br><br>          Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>          Respondent. | No.   17-73243<br><br>Agency No. A087-226-314<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 10, 2020[**]
Pasadena, California

Before:  PARKER,[***] CHRISTEN, and WATFORD, Circuit Judges.

Petitioner Hugo Eric Cardenas ("Cardenas"), a native and citizen of Mexico,

seeks review of a November 22, 2017 order of the Board of Immigration Appeals

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

("BIA") dismissing his appeal of an immigration judge's decision finding him removable and denying his applications for asylum, withholding of removal, and protection under the regulations implementing the Convention Against Torture ("CAT"). This Court has jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we deny the petition.

Substantial evidence supports the agency's determinations that Cardenas failed to file his asylum application within the one-year time limit and did not establish changed circumstances sufficient to excuse the untimely filing. *See* 8 U.S.C. § 1158(a)(2)(B); 8 C.F.R. § 1208.4(a)(4); *see also Ramadan v. Gonzales*, 479 F.3d 646, 657-58 (9th Cir. 2007).

The record before the Court does not compel a contrary result. Cardenas's argument that he had the "subjective intent" to timely apply—taken as true— would not constitute "changed circumstances" sufficient to excuse his late filing.[1] As this Court has explained "the timing of an alien's intent to apply for asylum has no role in the changed circumstances analysis. Changed circumstances are those which materially affect the applicant's *eligibility for asylum*." *Fakhry v. Mukasey*,

---

[1]    We do not consider the extraordinary circumstances exception because Cardenas has not asserted that his asylum application is untimely under that exception. *See Vahora v. Holder*, 641 F.3d 1038, 1042 n.3 (9th Cir. 2011) (citing *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996)).

524 F.3d 1057, 1063 (9th Cir. 2008) (internal quotation marks omitted) (citing 8 U.S.C. § 1158(a)(2)(D)).

Further, the agency did not abuse its discretion in concluding that Cardenas's conviction under California Penal Code 246.3(a) for willful discharge of a firearm with gross negligence constituted a particularly serious crime and that Petitioner was therefore ineligible for withholding of removal under the INA and under the Conventions Against Torture as a matter of law. *See Arbid v. Holder*, 700 F.3d 379, 385 (9th Cir. 2012) (per curiam); *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015).

The agency employed the correct legal standard in concluding that in view of the danger to others caused by Cardenas's actions in willfully firing a gun in a grossly negligent manner which could have resulted in injury or death to a person, Cardenas had been convicted of a particularly serious crime, thereby rendering him ineligible for withholding of removal and CAT withholding. *See Anaya-Ortiz v. Holder*, 594 F.3d 673, 679-80 (9th Cir. 2010); *Matter of N-A-M-*, 24 I. & N. Dec. 336, 338 (BIA 2007) (explaining the agency "examine[s] the nature of the conviction, the type of sentence imposed, and the circumstances and underlying facts of the conviction" to determine whether it was a particularly serious crime).

The agency did not abuse its discretion in determining that Cardenas's conviction for willful discharge of a firearm with gross negligence constituted a

particularly serious crime. *Avendano-Hernandez*, 800 F.3d at 1077; *Alphonsus v. Holder*, 705 F.3d 1031, 1041 (9th Cir. 2013).

We have considered Petitioner's other arguments and conclude they are without merit.

**PETITION FOR REVIEW DENIED**